**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CHIBUEZE C. ANAEME,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No.  3:12-CV-1272-D-BH** |
| | ) | |
| **UNITED STATES OF AMERICA, et. al,** | ) | |
| **Defendants.** | ) | **Referred to U.S. Magistrate Judge** |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this case has been automatically referred for screening. Based on the relevant filings and applicable law, the complaint should be dismissed.

## I.  BACKGROUND

Plaintiff filed this civil action on April 24, 2012, against the United States and numerous corporations, municipalities, police and sheriff's departments, state agencies, and state courts in Florida, California, and Texas, as well as some of their employees. (Compl. at 1-60; Amended Answers to Magistrate Judge's Questionnaire [MJQ Am. Ans.] at 1-13).  He claims to be suing the defendants under the Federal Tort Claims Act (FTCA) for "actions, omissions and transactions" in the Northern District of Texas, the Middle District of Florida, and the Southern District of California. (Compl. at 61).  On March 4, 2003, he was allegedly stopped by the police in Florida while attempting to board a Greyhound bus, wrongfully arrested, and convicted.  After his release from incarceration, he was deprived of property confiscated by Greyhound at the time of his arrest. (Compl. at 76-82).  Plaintiff also appears to complain about the outcomes of several federal court cases in the Southern District of California. (Compl. at 83-84).  He claims that the United States is liable for the defendants' conduct and asserts claims for negligence, conspiracy, and the intentional infliction of emotional distress, and he seeks monetary damages and injunctive relief.  (Compl. at 84-94, MJQ Am. Ans. at 20-21).

On July 23, 2012, Plaintiff's claims against the various defendants located in Florida and California, as well as his claims against the United States under the FTCA were transferred, to the Middle District of Florida and the Southern District of California, respectively. (doc. 11). Remaining are his claims against individuals and corporations in this district (the Texas defendants).

## II.  PRELIMINARY SCREENING

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to judicial screening under 28 U.S.C. § 1915(e)(2).  That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## III.  FEDERAL TORT CLAIMS ACT

Plaintiff sues the Texas defendants under the FTCA.  "In the FTCA, Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees." *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214 (2008); *see also* 28 U.S.C. §§ 1346(b)(1), 2671-2680. The FTCA shields federal officers from official capacity suits because these types of suits are actually against the government. *See Smart v. Holder*, No. 09-50796, 2010 WL 759164, at *2 (5th

Cir. Mar. 5, 2010) (citing *Boehms v. Crowell*, 139 F.3d 452, 462-63 (5th Cir. 1998); *S. Sog, Inc. v. Roland*, 644 F.2d 376, 380 (5th Cir. Unit A May 1981)).  Any claims against them in their official capacities are treated as a suit against the United States. *Connor v. Matthews*, 134 F.Supp.2d 797, 799 (N.D.Tex. 2001).  Individual defendants also cannot be sued under the FTCA in an individual capacity; the only proper defendant is the United States.  *See* 28 U.S.C. § 2679(a); *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988).  To successfully sue under the FTCA, a claim must be: 1) against the United States; 2) for money damages; 3) for injury or loss of property, or personal injury or death; 4) caused by the negligent or wrongful act or omission of any employee of the federal government; 5) while acting within the scope of his or her employment; and 6) under circumstances where the United States, if a private person, would be liable to the plaintiff in accordance with the state law where the act or omission occurred.  28 U.S.C. § 1346(b); *FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994).

Here, it is apparent from the face of the complaint that the Texas defendants are not employees of the federal government.  Any actions or omissions by these private individual and corporate defendants are not actionable under the FTCA, so Plaintiff's FTCA claims against them should be dismissed as frivolous.

## VI. CONSPIRACY

Plaintiff expressly invokes only the FTCA as a basis for his conspiracy claim.  (Compl. at 84-93).  To the extent that his complaint may be liberally construed as alleging a claim under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), that the Texas defendants conspired with federal actors to deprive him of his constitutional rights, his allegations are conclusory at best and fail to state a plausible claim for relief.  *See Twombly*, 550 U.S. at 570; *Iqbal*, 129 S. Ct. at 1949.

To the extent that Plaintiff's complaint may be liberally construed as alleging that the Texas defendants conspired to violate his civil rights under 42 U.S.C § 1985, he has also failed to state a viable claim because he has failed to allege an overt act of conspiracy between two or more persons whose purpose was to prevent federal actors from performing their duties or to deprive Plaintiff of equal protection of the laws based on racial animus or any other protected characteristic.  *See Hilliard v. Ferguson*, 30 F.3d 649, 652-653 (5th Cir. 1994); *Villegas v. Galloway*, No. H-10-2906, 2010 WL 4607836, *3 (S.D. Tex. Nov. 4, 2010).   Nowhere in his voluminous complaint does Plaintiff allege that the defendants' conduct was based on race or another protected characteristic. Any conspiracy claims separate from Plaintiff's FTCA claims should also be dismissed.

## VII.  STATE LAW CLAIMS

To the extent that Plaintiff's claims of negligence, conspiracy and intentional infliction of emotional distress arise under state law, the Court has supplemental jurisdiction over these claims.

A federal court may exercise supplemental jurisdiction over state claims in any civil action over which it has original jurisdiction. 28 U.S.C. § 1367(a).  Whether to exercise such jurisdiction after dismissing the underlying federal claims is a matter left to the sound discretion of the Court. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th Cir. 2000).  When the Court dismisses the federal claims at a pre-liminary stage of litigation, judicial economy argues against the exercise of pendent or supplemental jurisdiction over state claims. *See LaPorte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986).

Here, because Plaintiff filed suit more than nine years after the events at issue occurred in 2003, any state law claims he asserts are clearly barred by Texas' two-year statute of limitations.

*See Resolution Trust Corp. v. Acton*, 844 F.Supp. 307, 316 (N.D. Tex. 1994); *Brady v. Blue Cross and Blue Shield of Tex., Inc.*, 767 F.Supp. 131, 133 (N.D. Tex. 1991); *Sharpe v. Roman Catholic Diocese of Dallas*, 97 S.W.3d 791, 795 (Tex. App.–Dallas 2003); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 2002).[1]  Because Plaintiff claims that he has sought the return of his property from Greyhound since July of 2003, he has not shown that he has diligently pursued his claims against the defendants such that equitable tolling of the limitations period is warranted, and he has not otherwise shown any extraordinary circumstance warranting equitable tolling.  *See Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996) (stating that equitable tolling is appropriate in cases where a plaintiff is either actively misled by the defendant or is prevented in some "extraordinary way" from asserting his rights).

Based on the time-bar apparent from the face of the complaint, judicial economy weighs in favor of the exercise of the Court's supplemental jurisdiction over any state law claims asserted by Plaintiff in this case against the Texas defendants, and those claims should be dismissed.

## VIII.  RECOMMENDATION

Plaintiff's action should be **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2)(B) as frivolous, for failure to state claim, and for failure to file suit within the statutory period of limitations.

**SIGNED this 1st day of August, 2012.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1]  Under Texas law, the tort statute of limitations generally begins to run when the tort is committed.  *FDIC v. Dawson*, 4 F.3d 1303, 1312 (5th Cir. 1993).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

6